So Ordered.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

Dated: November 16th, 2012

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | |
| LLS AMERICA, LLC, | No. 09-06194-PCW11 |
|     Debtor. | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, | |
|     Plaintiff, | Adv. No. 11-80177-PCW |
| vs. | |
| AMAR BAINS, | MEMORANDUM DECISION RE: DEFENDANT AMAR BAINS' MOTION TO DISMISS (ECF NO. 7) |
|     Defendant. | |

This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek, pursuant to 11 U.S.C. § 548 and other causes of action, to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. Defendant Amar Bains filed a motion to dismiss on December 15, 2011, ECF No. 7.

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of

MEMORANDUM DECISION RE: . . . - Page 1

pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motion are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motion.

By affidavit of Duane Swinton (ECF No. 17), the trustee presented evidence in this case that the defendant loaned or invested $60,000 (CAN) and two (2) promissory notes were issued. In 96 distributions occurring from January 2002 to December 2008, the defendant received $178,030 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $42,500 in the underlying LLS America case. By declaration (ECF No. 10), the defendant presented evidence that he resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

The grounds for dismissal in the subject motion are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). The reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and is applicable to the subject motion.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. As articulated in the Previous Decision, the filing of a proof of claim is a consent to jurisdiction to adjudicate that claim and the related action brought by the trustee of the LLS America estate under 11 U.S.C. § 548. The reasoning regarding the denial of dismissal based upon a consent to personal jurisdiction is set forth in the Previous Decision and is applicable to the subject motion, which is **DENIED**. Counsel for the defendant shall submit an order consistent with this decision.

///END OF MEMORANDUM DECISION///

MEMORANDUM DECISION RE: . . . - Page 2